UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant EDWARD A. WATKINS, JR.
 United States Army, Appellant

 ARMY 20080197

 Headquarters, 25th Infantry Division
 Donna M. Wright, Military Judge
 Lieutenant Colonel Martin L. Sims, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Grace M. Gallagher, JA; Lieutenant Colonel Jonathan F.
Potter, JA (on brief).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Adam S. Kazin, JA; Captain Nicole L. Fish (on brief).

 6 January 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 An enlisted panel sitting as a general court-martial convicted
appellant, contrary to his plea, of two specifications or larceny and two
specifications of assault consummated by battery, in violation of Articles
121 and 128 Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C.
§§ 921 and 928. The convening authority approved the adjudged sentence to
a bad-conduct discharge, forfeiture of all pay and allowances, confinement
for twenty months, and reduction to private E1.

 On review of the case under Article 66, UCMJ we carefully considered
all issues and assignments of error raised by appellant. We find these
assignments of error to be without merit. Assignment of error III which
states, “Appellant was denied the counsel of his choice to represent him on
post-trial matters,” merits discussion but no relief.

 Appellate defense counsel offers no support for the proposition that
appellant wanted anyone other than his trial defense counsel to represent
him in preparing his post-trial R.C.M 1105 submission.

 At trial, appellant advised the military judge he had discussed his
post-trial and appellate rights with his trial defense counsel and
understood those rights. Appellant further signed his post-trial and
appellate rights form, Appellate Exhibit XVI, and in the form elected to
have his trial defense counsel prepare his Rule for Courts-Martial
[hereinafter R.C.M.] 1105 matters.

 Trial defense counsel prepared a substantial clemency petition that
included a letter from the appellant among its eleven enclosures. Rather
than supply any evidence that appellant himself sought to have civilian
counsel prepare his R.C.M. 1105 submission, appellate defense counsel offer
an affidavit from appellant’s father that implies that he, the father,
wanted some materials prepared by a civilian counsel to be submitted to the
convening authority. There is no evidence in the record of trial or
appellate materials to indicate appellant desired to be represented by this
counsel. Similarly, there is nothing in the record to show appellant
wanted any materials prepared by this counsel included in his R.C.M. 1105
matters.

 The right to counsel is personal in nature and is not to be asserted
vicariously. United States v. Sabatino, 943 F.2d 94, 96 n. 1 (1st Cir.
1991) (citing Gannett Co. v. DePasquale, 443 U.S. 368, 380 (1979)). “The
Sixth Amendment right to counsel is personal to the defendant and specific
to the offense.” Texas v. Cobb, 532 U.S. 162, 172 n. 2 (2001).
Assignment of error III is wholly without merit.

 On consideration of the entire record, including the assignments of
error, the findings of guilty and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court